

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN TRACY JOSEY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:10-CV-539-Y |
| DAVID WALKER, Sheriff, | § | (Consolidated with Nos. 4:10-CV-658-Y |
| Wise County, Texas, | § | and 4:10-CV-659-Y) |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner, John Tracy Josey, is a state prisoner in custody of the Sheriff of Wise County.

Respondent, David Walker, is the Sheriff of Wise County, Texas.

#### C. PROCEDURAL HISTORY

Petitioner is a pretrial detainee awaiting trial in Wise County, Texas, on pending criminal charges related to a high-speed vehicle chase between petitioner and law enforcement officers on July 4, 2010. (Resp't Mem. at 2 & n.4) Petitioner's grounds for relief are vague and incomprehensible, however he appears to complain that he was denied his right to an examining trial, to participate in the grand jury proceedings, and to cross-examine and confront witnesses against

him. Petitioner requests the charges against him be dismissed or removed to federal court. (Pet. at 5-6)

## D. RULE 5 STATEMENT

Respondent has filed a motion to dismiss the petition, supported by documentary exhibits, urging the petition should be dismissed on exhaustion grounds and/or because petitioner has suffered no cognizable injury. (Resp't Mtn to Dismiss at 3-6)

## E. LEGAL ANALYSIS

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Petitioner, who remains incarcerated in the Wise County jail on the pending criminal charges, is "in custody" for purposes of § 2241. Second, the petitioner must have exhausted his available state remedies.[1] *Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden*, 410 U.S. at 489. Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.

---

[1] Despite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court, either by trial on the merits or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir.1976); *Fain v. Duff*, 488 F.2d 218, 223-24 (5th Cir. 1973). The exhaustion doctrine applicable to § 2241 was judicially crafted on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Braden*, 410 U.S. at 490-91; *Dickerson*, 816 F.3d at 225; *Fain*, 488 F.2d at 224.

1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of a petition for discretionary review[2] or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See Deters*, 985 F.2d at 795; *Richardson*, 762 F.2d at 432; *see also Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters*, 985 F.2d at 795.

Petitioner has not satisfied the exhaustion requirement as to his claims or demonstrated exceptional circumstances warranting federal intrusion at this juncture. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Accordingly, pretrial habeas interference by this court is not authorized. *See Braden*, 410 U.S. at 493. A federal court should abstain from considering a state prisoner's constitutional claims out of deference to the state courts. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden*, 410 U.S. at 493. Under the circumstances, it appears dismissal is appropriate. *See Deters*, 985 F.2d at 797.

## III. RECOMMENDATION

It is therefore recommended that petitioner's petition for writ of habeas corpus be dismissed without prejudice. All motions not previously ruled upon should be denied as moot.

---

[2] Either from conviction itself or from the disposition of a preconviction application for writ of habeas corpus. *See generally* TEX CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009).

## IV. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 3, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 3, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 9, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE